IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 20-cr-382-2 |
| v. | : | |
| | : | |
| MAXIMO VICTORINO TAPIA ZABALA | : | |
| | : | |

MEMORANDUM

**KENNEY, J.**                                                                                                                  **July 28, 2023**

Defendant Maximo Victorino Tapia Zabala brings this *pro se* Petition for Compassionate Release (ECF No. 122) under the First Step Act,[1] less than one year into a 21-month sentence, arguing that he is entitled to release or a reduction of sentence.

I.      **BACKGROUND**

In May 2018, the Drug Enforcement Agency ("DEA") and Pennsylvania State Police ("PSP"), began investigating Mr. Tapia Zabala's codefendant and accomplice, Edwin Tapia, after learning that Edwin Tapia was selling heroin out of his auto repair and tire shop in Philadelphia. PSR ¶¶ 11, 12. In February 2020, the DEA arranged and recorded four controlled buys involving either Mr. Tapia or Mr. Tapia Zabala after a confidential source informed the DEA that Mr. Tapia was selling bulk quantities of powdered heroin, mixed with fentanyl. *Id.* Out of the four controlled buys, two involved Mr. Tapia Zabala directly (one on February 2020 and one on March 26, 2020), making him accountable for 99.4 grams of fentanyl. PSR ¶¶ 13-17.

---

[1] The First Step Act is generally codified under Titles 18, 21 and 24 of the United States Code, but since Defendant makes no specification as to under which section of the code he is bringing his claim, the Court assumes it is under 18 U.S.C. § 3582(c)(1)(A)(i) as noted in the Government's response. *See* ECF No. 124.

1

On November 4, 2020 a grand jury sitting in the Eastern District of Pennsylvania indited both Mr. Tapia and Mr. Tapia Zabala on eight counts related to distribution of a mixture and substance containing fentanyl, only four of which were against Mr. Tapia Zabala. PSR ¶¶ 1, 2. On April 13, 2022 Mr. Tapia Zabala pled guilty to two of those counts which included, distribution of 40 grams or more of a mixture and substance containing fentanyl (Count Three) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count Five). PSR ¶ 3; *see* ECF No. 119. On September 21, 2022, upon sentencing, the government dropped the remaining two counts of distribution of 40 grams or more of a mixture (Count Four) and substance containing a detectable amount of fentanyl within 1,000 feet of a school zone and aiding and abetting in violation of 21 U.S.C. § 860(a) and 18 U.S.C § 2 (Count Six).[2] ECF No. 119.

This Court sentenced Mr. Tapia Zabala to a sentence of twenty one months on each of counts three and five, to be served concurrently, followed by three years of supervised release and a $200 fine, varied downward from the guideline range of thirty to thirty-seven months imprisonment. ECF No. 124 at 2. Mr. Tapia Zabala has no criminal background, and the instant offense is his first exposure to the federal justice system. PSR ¶¶ 33-39. Additionally, the Court ordered Mr. Tapia Zabala to forfeit $5,200 which represented the proceeds that he obtained in the distribution of a controlled substances. ECF Nos. 118, 119.

Mr. Tapia Zabala is currently serving his sentence at Allenwood Low Federal Correctional Institution with a minimum release date of March 29, 2024 and will be eligible for home detention on January 27, 2024. ECF No. 124 at 3. As of June 10, 2023 he had served nine months and had

---

[2] The Presentence Report states that "[e]ach drug sale in this case occurred within 1,000 feet of the Honorable Luis Muñoz Marin Elementary School, a public elementary school at 3300 N. 3rd Street in Philadelphia." PSR at 6, n.1.

two months of credit for good conduct time, for a total of eleven months. *Id.* Also as of June 10, 2023 he had not committed any disciplinary infractions while incarcerated. *Id.*

II. **LEGAL STANDARD**

As amended by the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) allows courts to modify a term of imprisonment in any case "if the court finds the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021). Defendants filing such a motion must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or have experienced a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

While Congress has not defined "extraordinary and compelling reasons," the United States Sentencing Commission issued a policy statement to describe qualifying circumstances. *See* U.S.S.G § 1B1.13. Although the policy statement predates the First Step Act, the Third Circuit has articulated its persuasiveness in shedding light on what constitutes "extraordinary and compelling." *See Andrews*, 12 F.4th at 260 ("Because Congress reenacted the compassionate-release statute without any alterations to the phrase 'extraordinary and compelling reasons,' it was reasonable for the court to conclude that the phrase largely retained the meaning it had under the previous version of the statute." (citations omitted)).

The Sentencing Commission policy statement sets out three specific "extraordinary and compelling reasons" based on the defendant's medical condition, age, or family circumstances. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(C). Extraordinary and compelling medical conditions

include those in which the defendant is suffering from a terminal illness, "suffering from a serious physical or medical condition," "suffering from serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process." *Id*. § 1B1.13, cmt. n.1(A). Moreover, the medical condition must be one which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* The Sentencing Commission also includes a "catch-all" provision, which allows a court to modify a sentence for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13 cmt n.1(D); *see also United States v. Adeyemi*, 470 F. Supp. 3d 489, 509–510 (E.D. Pa. 2020) (stating that the "catch-all" prevents courts from being "hamstringed because the Sentencing Commission has failed to update the pertinent guidance").

Only if a defendant's circumstances qualify as "extraordinary and compelling," will the court look to the Section 3553(a) factors to determine whether the defendant is entitled to a reduction in sentence. 18 U.S.C. § 3582(c). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; … and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The defendant bears the burden of proving by a preponderance of the evidence that the requested relief is warranted. *United States v. Jeffries*, No. CR 14-106, 2021 WL 2000555, at *7 (W.D. Pa. May 19, 2021).

4

### III.   DISCUSSION

#### A. Defendant's Motion for Compassionate Release

Mr. Tapia Zabala moves for compassionate release, arguing that his non-violent crime and ongoing health issues qualify him for compassionate release. ECF No. 122 at 1. He writes in his Motion that he suffers from the following health conditions: (1) umbilical hernia; (2) chronic feet infections, causing much pain; (3) Diabetes Type II, requiring two insulin shots per day; (4) high cholesterol and (5) psychological nerve problems (e.g. restless leg syndrome). *Id*. The remainder of Mr. Tapia Zabala's motion discusses his childhood, family relations, and employment history, which the Court already considered at the time of sentencing Mr. Tapia Zabala well below the guideline range.

#### B. Government's Response in Opposition to Defendant's Motion for Compassionate Release

In Opposition to Mr. Tapia Zabala's Motion for Compassionate Release, the Government argues that Mr. Tapia Zabala has failed to establish extraordinary and compelling circumstances that warrant his release. ECF No. 124.

First, all Mr. Tapia Zabala's medical conditions (diabetes, diabetic neuropathy, hernia, and hyperlipidemia) are treated and managed while in custody, and further, he presents no terminal illness nor an inability to provide self-care in the institution. *See id.* at 10. Any complications arising from his diabetes are, by his own admission, self-inflicted as he is not always compliant with his insulin schedule. *Id.*

Second, the Government argues that Mr. Tapia Zabala's most recent medical examinations have been described as "unremarkable," and reflect that he is mobile, alert, oriented in addition to Mr. Tapia Zabala reporting to the doctor that he is feeling well. *Id.* Finally, the Government argues that even if the Defendant presented a basis for consideration, relief is not warranted

5

because all of the pertinent circumstances counseling against release, including the 3553(a) factors and the possible danger to the community. *Id.* at 11-13. Specifically, the Government points to Mr. Tapia Zabala's contribution to the fentanyl issue in Philadelphia, where the drug is regarded as a "top local drug threat" responsible for the vast majority of overdose deaths in the city.[3] *Id.* at 12.

**C.  Analysis**

*1.  Extraordinary and Compelling Reasons*

Mr. Tapia Zabala has failed to satisfy his burden of proving the "extraordinary and compelling" nature of his circumstances so as to warrant a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). Mr. Tapia Zabala's medical conditions are not "extraordinary and compelling" reasons sufficient to merit early release. As stated above, with respect to medical conditions, the Sentencing Guidelines policy statement at U.S.S.G. § 1B1.13 explains that an extraordinary condition exists where a defendant is: "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process." U.S.S.G. § 1B1.13, cmt. n.1(A).[4] Moreover, the medical condition must be one which "substantially

---

[3] The Government cites to the DEA's website and highlights that "[i]n 2021, Philadelphia had a total of 1,276 overdose deaths—and 82 percent of those overdose deaths involved fentanyl." *Id.* at 12

[4] The Sentencing Guideline policy statement also states that an extraordinary condition exists where: "The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A). Here, Mr. Tapia Zabala has not alleged any terminal illness and therefore, this portion of the policy statement is not applicable to his Motion.

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Mr. Tapia Zabala is a 44-year-old man who suffers from physical and medical conditions including diabetes type II, feet infections, a hernia, high cholesterol and psychological nerve problems (such as restless leg syndrome). ECF No. 122 at 1. However, as the Government highlights in their Response, Mr. Tapia Zabala is in fact currently receiving medical care for these conditions while incarcerated. ECF No. 124 at 10.

The majority of cases where inmates have been granted compassionate relief with comparable circumstances to Mr. Tapia Zabala's, were limited to the unique conditions surrounding the height of the COVID-19 pandemic and the elevated risk environments faced by the inmates. *See United States v. Rodriguez*, 451 F. Supp. 3d 392 (E.D. Pa. 2020) (inmate with Type 2 diabetes mellitus with diabetic neuropathy, essential hypertension, obesity, and "abnormal liver enzymes" was granted compassionate relief because of the high risk of mortality he would face if he contracted COVID-19); *United States v. Pabon,* 458 F. Supp. 3d 296, 302 (E.D. Pa. 2020) (commenting that in granting a 54-year-old inmate with diabetes and hypertension compassionate relief that "in the absence of a deadly pandemic . . . these [medical] conditions would not constitute 'extraordinary and compelling reasons'"); *United States v. Brown*, No. CR 13-176-4, 2020 WL 6146620, at *1 (E.D. Pa. Oct. 20, 2020) (granting compassionate relief to 53-year-old severely obese inmate suffering from hypertension because the possible fatal consequences obesity presents with COVID-19). In more recent times, however, "District Courts in the Third Circuit consistently agree that an FDA-approved vaccination against COVID-19 lessens the risk of serious illness or death from COVID-19 such that the threat of the pandemic, even combined with pre-existing medical conditions, does not constitute an extraordinary and

compelling reason for compassionate release." *United States v. Hannigan*, No. 19-373, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022) (collecting cases). Mr. Tapia Zabala submitted a request to the warden for support for compassionate release on June 1, 2023, based on type 2 diabetes, high cholesterol, and a "nervous condition," noting that he had not been vaccinated against COVID-19 and although "the COVID-19 emergency is now gone," he "could seriously [be] infected with other viruses." ECF No. 124 at 3. Mr. Tapia Zabala did not specify what viruses he referred to, and the warden denied this request. Regardless, Mr. Tapia Zabala is receiving treatment for all of his underlying conditions while he is currently in prison. *Id.*

Accordingly, the Court does not find that Mr. Tapia Zabala has presented compelling evidence of a medical condition that substantially diminishes his ability to provide self-care within the prison facility and from which he is not expected to recover, which would amount to an extraordinary and compelling reason for compassionate release.

2.   *Section 3553(a) Factors*

Even if the Court had found that extraordinary and compelling reasons exist, Mr. Tapia Zabala's Motion would fail based on a consideration of 18 U.S.C. § 3553(a) factors. Mr. Tapia Zabala has not shown that a significant change in factors that led to his sentencing has occurred.

The Court sentenced Mr. Tapia Zabala to twenty-one months incarceration, followed by three years of supervised release and a $200 fine. ECF No. 119. In imposing this sentence, the Court considered and gave credit to Mr. Tapia Zabala for his lack of prior criminal history (PSR ¶¶ 33-39), that he accepted criminal responsibility for the offense (PSR ¶¶ 20-21), and assisted authorities with prosecution of his own misconduct by timely notifying authorities of the intention to enter a plea of guilty. PSR ¶ 21. This resulted in a sentencing range of thirty to thirty-seven months (PSR ¶ 68), however the Court retained discretion to sentence below the minimum because

Mr. Tapia Zabala qualified for the "safety valve" provision.[5] (PSR ¶¶ 9a, 24). The Court balanced these mitigating factors and considered the undeniable fact that Mr. Tapia Zabala played a role in supplying fentanyl, a particularly potent and dangerous drug, into a community already devestated by opioids. ECF 124 at 12. Mr. Tapia Zabala's specific involvement might not have been violent, but he does not deny his contribution to a large drug distribution enterprise. There is a need to protect the public from future drug trafficking activity and this Court finds his current sentence is justified. Considering the Section 3553(a) factors, lowering Mr. Tapia Zabala's sentence would not appropriately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence. Accordingly, the Court finds that Mr. Tapia Zabala has failed to meet his burden in demonstrating that the Section 3553(a) factors support granting his Motion for Compassionate Release.

---

[5] The relevant part of U.S.S.G. 5C1.2 states that ". . . the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:

"(1) the defendant does not have more than 1 criminal history point [. . .]
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the [. . .] and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement." U.S.S.G. 5C1.2.

## IV. CONCLUSION

For the forgoing reasons, the Court will deny Defendant's Motion for Compassionate Release or Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A). An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**